IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN JOHNSON, JR.,

      Plaintiff,                       No. 2:10-cv-0716 KJN P

     vs.

LAURANCE SMITH, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's complaint was filed on the form used by the Northern District.  In the caption of the complaint, plaintiff lists as defendants Laurance Smith, John Renwick, Nancy Ramirez-Sally Domingues, John Foster, and Mark McCarthy.  (Id.)  Plaintiff identifies these defendants as public defender, attorney, district attorneys, detective and parole agent.  (Id. at 3.)  Plaintiff alleges these defendants subjected plaintiff to "cruel and unusual punishment by false, testimony, perjured and fabricated evidence, ineffective assistance of counsel, due process and equal rights violations, and vindictive and misconduct of prosecution all in concert."  (Id.)

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement.  Id. at 499.

Plaintiff's allegations as to these named defendants are more appropriately brought in a petition for writ of habeas corpus.

Plaintiff is advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest *state* court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

3

Plaintiff will be provided with the forms necessary to file a petition for writ of habeas corpus.[2] If plaintiff has exhausted his state court remedies through filing in the California Supreme Court and wishes this action to proceed as a petition for writ of habeas corpus, the court will vacate the order requiring payment of the $350.00 filing fee once plaintiff files the petition.

However, it appears plaintiff may also seek to pursue a civil rights action. Attached to the complaint is a document entitled "Statement of Case." In this document, plaintiff sets forth a laundry list of allegations that took place in three different institutions concerning various defendants, none of whom were named as defendants in the caption of the complaint.

Plaintiff also raises various allegations concerning medical care at DVI. In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements; "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

"The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Lopez, 203 F.3d at 1131 (quoting Estelle, 429 U.S. at 104.)

A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin,

---

[2] Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a timely and properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

4

at 1059 (quoting Estelle, 429 U.S. at 104).  Examples of indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  McGuckin, 974 F.2d at 1059-60.

Plaintiff must also allege facts that defendant responded to the serious medical need with deliberate indifference.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988).  Where the claim is based on a delay in treatment, "a prisoner can make 'no claim for deliberate medical indifference unless the denial was harmful.'"  McGuckin at 1060 (quoting Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per curiam)).  The harm caused by the delay need not, however, be "substantial."  McGuckin at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also citing Hudson v. McMillian, 503 U.S. 1, 5-10).

Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).  Mere differences of opinion between a prisoner and prison medical staff as to appropriate medical care also do not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff may also be attempting to file a civil rights action alleging he was unconstitutionally imprisoned.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a civil rights action concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Id.; see also Osborne v. District Attorney's Office for Third Judicial District, 423 F.3d 1050, 1053 (9th Cir. 2005) (Heck test applies to civil rights actions for injunctive relief as well as those for money damages).

        The court finds the allegations concerning conditions of confinement in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  Plaintiff must clearly identify the named defendants.  The court will, however, grant leave to file an amended complaint.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff has provided conflicting information as to whether he exhausted his administrative remedies, i.e. pursuing his grievance through the third level or Director's level of review.  Although he marked the question "Did you present the facts in your complaint for review through the grievance procedure?" as "Yes," he claimed he did not submit any grievances because he feared retaliation from DVI staff.  (Complt. at 1-2.)  It appears he may have answered this section with regard to his claims that are more appropriately brought in a petition for writ of habeas corpus.  He did append a first level health care response regarding his medical claim concerning Hep-C and eye floaters and flashers dated December 23, 2008.  (Complt. at 13.)  However, it is unclear whether he pursued that grievance through the Director's level of review.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, <u>et seq</u>.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison

officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims challenging his parole violation or subsequent conviction more appropriately brought in a petition for writ of habeas corpus are dismissed without prejudice; Plaintiff's civil rights complaint is dismissed without prejudice.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint, filed on the form used by this district. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must address only claims concerning conditions of confinement, not claims challenging his underlying conviction or parole violation. Plaintiff may only raise claims

he has exhausted through the Director's level of review. Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of Court shall send plaintiff the forms necessary to file a civil rights complaint and the packet necessary to file a petition for writ of habeas corpus.

DATED: May 26, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john0716.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN JOHNSON, JR.,

      Plaintiff,                                   No. 2:10-cv-0716 KJN P

     vs.

LAURANCE SMITH, et al.,                 NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

         _____                  Amended Complaint OR

         _____                Petition for Writ of Habeas Corpus

DATED:

                                               _____

                                               Plaintiff