IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN JOHNSON, JR.,

    Plaintiff,                    No. 2:10-cv-0716 KJN P

    vs.

LAURANCE SMITH, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 27, 2010, plaintiff's complaint was dismissed, and plaintiff was granted leave to file an amended complaint. After receiving an extension of time, plaintiff has now filed an amended complaint.

        As plaintiff was informed on May 27, 2010, the court is required to screen complaints brought by prisoners and must dismiss a claim if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1),(2).

        Unfortunately, plaintiff's amended complaint suffers from the same defects addressed by this court on May 27, 2010. Rather than use the civil rights form provided, plaintiff wrote a history of alleged transgressions against him, most of which fail to state a cognizable

1

civil rights claim, as expressly addressed in this court's May 27, 2010 order.  Plaintiff clarifies he is not seeking habeas relief, as he claims his criminal appeals are presently pending and he is in the process of preparing habeas petitions.  However, plaintiff again raises claims that he has been subject to "trumped up charges" on several occasions.  Essentially, plaintiff argues that he was unconstitutionally convicted.  However, these claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), as explained in this court's prior order.

Plaintiff's filing makes clear that plaintiff suffers from myriad medical problems, including "heart, vision, renal failure," and "chronic and substantial pain." (Am. Comp. at 7.)  In addition, plaintiff suffered many difficulties during parole, including, but not limited to, lack of financial resources, housing, and meeting the demands of conditions of parole.  Such difficulties are not unique to plaintiff.  The court is not unsympathetic to plaintiff's plight; however, this court is constrained by federal statutes and the law.  Plaintiff's action cannot go forward unless he presents cognizable civil rights claims.

Liberally construing plaintiff's amended complaint, it appears plaintiff may be able to state a cognizable claim for deliberate indifference to serious medical needs during his incarceration.  However, the amended complaint only devotes one paragraph to this claim, failing to identify the "two prison officials" who were allegedly deliberate indifferent to plaintiff's serious medical needs. (Am. Compl. at 5.)  Plaintiff alleges their treatment "caused two heart attacks, serious stomach problems, . . . back, knee and shoulder problems, untreated vision problems, and renal failure (id.), but fails to describe "their treatment."  Plaintiff was previously advised of the requirements for bringing a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care.  (May 27, 2010 Order at 4-5.)  Therefore, this court will not repeat them here.  At a minimum, however, plaintiff must identify the institution at which the alleged violations occurred, the names of the defendants, approximate dates the violations

occurred, and the specific actions[1] or failures to act, that plaintiff contends demonstrate each defendant was deliberately indifferent to plaintiff's serious medical need, and how the action or inaction harmed plaintiff.

The court finds the allegations concerning conditions of confinement in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant plaintiff one final opportunity to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the second amended

---

[1] The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id. Plaintiff shall omit all allegations concerning "trumped up charges" and parole, and shall focus on his Eighth Amendment claims alleging deliberate indifference to serious medical needs. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without further leave to amend.

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that a second amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the original complaint). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Plaintiff must allege each claim and the involvement of each defendant in the second amended complaint. Finally, plaintiff is encouraged to use the civil rights form provided by the Clerk of Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed without prejudice.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint, filed on the form used by this district. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended

1     complaint must address only claims concerning conditions of confinement,
2     not claims challenging his underlying conviction or parole violation.
3     Plaintiff may only raise claims he has exhausted through the Director's
4     level of review.  Failure to file a second amended complaint in accordance
5     with this order may result in the dismissal of this action.
6     3.  The Clerk of Court shall send plaintiff the forms necessary to file a civil rights
7 complaint.
8 DATED: September 23, 2010

11 _____
   KENDALL J. NEWMAN
12 UNITED STATES MAGISTRATE JUDGE

13 john0716.14b

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  SHERMAN JOHNSON, JR.,
11          Plaintiff,                    No. 2:10-cv-0716 KJN P
12      vs.
13  LAURANCE SMITH, et al.,               NOTICE OF AMENDMENT
14          Defendants.
15  _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18          _____           Second Amended Complaint
19
20  DATED:
21
22
                                         _____
23                                       Plaintiff
24
25
26
```